LEWIS BRISBOIS BISGAARD & SMITH LLP
GEORGE J. ZISER, SB# 51879
E-mail: Ziser@lbbslaw.com
JONATHAN RIZZARDI, SB# 244784
E-mail: Rizzardi@lbbslaw.com
One Sansome Street, Suite 1400
San Francisco, California 94104
Telephone: (415) 362-2580
Facsimile: (415) 434-0882

Attorneys for Defendants
VITAMIN SHOPPE INDUSTRIES INC., (*erroneously sued herein as VITAMINE SHOPPE INDUSTRIES, INC.*) and NUTRITION NOW, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN MARCOVICH,<br><br>         Plaintiff,<br><br>    v.<br><br>VITAMIN SHOPPE INDUSTRIES INC.; NUTRITION NOW, INC.; and DOES 1 TO 100,<br><br>         Defendants. | CASE NO. CV-081736-WDB<br><br>DEFENDANT VITAMIN SHOPPE INDUSTRIES INC. AND NUTRITION NOW, INC.'S, ANSWER TO COMPLAINT FOR NEGLIGENCE AND PRODUCTS LIABILITY<br><br>Magistrate Kimberly J. Mueller<br><br>ACTION FILED:    January 31, 2008<br>ACTION REMOVED: April 1, 2008<br>TRIAL DATE:      None Set |

COME NOW defendants VITAMIN SHOPPE INDUSTRIES INC. and NUTRITION NOW, INC. ("defendants") in answer to the Judicial Council Form Complaint of JOHN MARCOVICH ("plaintiff"). Defendants admit, deny and allege as follows:

   1.   With regard to the allegations set forth in paragraph 1, defendants admit all information contained therein.

   2.   With regard to the allegations set forth in paragraph 2, defendants admit all information contained therein.

3. With regard to paragraph 3, defendants lack sufficient information to admit or deny the allegations contained therein and, on that ground, deny all allegations contained therein.

4. With regard to paragraph 4, defendants lack sufficient information to admit or deny the allegations contained therein and, on that ground, deny all allegations contained therein.

5. With regard to the allegations set forth in paragraph 5, defendants admit all allegations contained therein.

6. With regard to the allegations set forth in paragraph 6, defendants lack sufficient information to admit or deny the allegations contained therein and, on that ground, deny all allegations contained therein.

7. With regard to paragraph 7, defendants lack sufficient information to admit or deny the allegations contained therein and, on that ground, deny all allegations contained therein.

8. With regard to the allegations set forth in paragraph 8, defendants lack sufficient information to admit or deny the allegations contained therein and, on that ground, deny all allegations contained therein.

9. With regard to paragraph 9, defendants lack sufficient information to admit or deny the allegations contained therein and, on that ground, deny all allegations contained therein.

10. With regard to the allegations set forth in paragraph 10, defendants admit that the cause of action forms are attached to the Judicial Council Form Complaint.

11. With regard to the allegations set forth in paragraph 11, defendants deny all allegations contained therein.

12. With regard to paragraph 12, defendants lack sufficient information to admit or deny the allegations contained therein and, on that ground, deny all allegations contained therein.

13. With regard to the allegations set forth in paragraph 13, defendants lack sufficient information to admit or deny the allegations contained therein and, on that ground, deny all allegations contained therein.

14. With regard to the allegations set forth in paragraph 14, defendants deny all allegations contained therein.

15. With regard to paragraph 15, defendants lack sufficient information to admit or deny the allegations contained therein and, on that ground, deny all allegations contained therein.

## CAUSES OF ACTION

### First Cause of Action: General Negligence

Against All Defendants

16. Defendants' answers to the preceding paragraphs are hereby incorporated by reference.

17. With regard to the allegations set forth in paragraph GN-1 of the first cause of action form, page 4 of plaintiff's complaint, defendants lack sufficient information to admit or deny that they manufacture and distribute the product at issue and, on that ground, deny this allegation. Defendants deny all other allegations of this paragraph.

### Second Cause of Action: Products Liability

Against All Defendants

18. Defendants' answers to the preceding paragraphs are hereby incorporated by reference.

19. With regard to the allegations set forth in paragraph Prod. L-1 of the second cause of action form, page 5 of plaintiff's complaint, defendants deny all allegations contained therein.

20. With regard to the allegations set forth in paragraph Prod. L-2 of the second cause of action form, page 5 of plaintiff's complaint, defendants deny all allegations contained therein.

21. With regard to the allegations set forth in paragraph Prod. L-3 of the second cause of action form, page 5 of plaintiff's complaint, defendants lack sufficient information to admit or deny the allegations contained therein and, on that ground, deny all allegations contained therein.

22. With regard to the allegations set forth in paragraph Prod. L-4 of the second cause of action form, page 5 of plaintiff's complaint, defendants lack sufficient information to admit or deny that they manufactured, assembled or sold the product to the public and, on that ground, deny all allegations contained therein. Defendants deny all other allegations of this paragraph.

23. With regard to the allegations set forth in paragraph Prod. L-5 of the second cause of action form, page 5 of plaintiff's complaint, defendants deny all allegations contained therein.

24. With regard to the allegations set forth in paragraph Prod. L-6 of the second cause of action form, page 5 of plaintiff's complaint, defendants deny all allegations contained therein.

25. With regard to the allegations set forth in paragraph Prod. L-7 of the second cause of action form, page 5 of plaintiff's complaint, defendants deny all allegations contained therein.

WHEREFORE, PLAINTIFFS SHOULD RECOVER NOTHING BY WAY OF THEIR COMPLAINT.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

**(Claims Subject to Arbitration)**

As a first affirmative defense to all claims and causes of action of the complaint, plaintiff's claims must be arbitrated pursuant to the agreement between plaintiff and VITAMIN SHOPPE INDUSTRIES INC.

### SECOND AFFIRMATIVE DEFENSE

**(Failure to State A Cause of Action)**

As a second affirmative defense to each cause of action of the complaint, the complaint does not state facts sufficient to constitute a cause of action against defendants.

### THIRD AFFIRMATIVE DEFENSE

**(Contributory Negligence of Plaintiff)**

As a third affirmative defense to each cause of action of the complaint, all events in connection with the incident alleged in plaintiff's complaint and any resulting injuries or damages therefrom were contributed to and proximately caused by the negligence of plaintiff, in that plaintiff failed to exercise ordinary care for his own safety under the circumstances, thereby barring plaintiff from any recovery.

4819-3467-0082.1

-4-

DEFENDANTS' ANSWER TO COMPLAINT

### FOURTH AFFIRMATIVE DEFENSE

**(Negligence or Fault of Others)**

As a fourth affirmative defense to each cause of action of the complaint, the damages sustained by plaintiff, if any, were caused, in whole or in part, by the negligence or fault of others for which defendants are not liable or responsible.

### FIFTH AFFIRMATIVE DEFENSE

**(Failure to State a Claim for Attorney's Fees)**

As a fifth affirmative defense to each cause of action of the complaint, plaintiff has failed to state a claim upon which attorney's fees can be awarded.

### SIXTH AFFIRMATIVE DEFENSE

**(Failure to Mitigate Damages)**

As a sixth affirmative defense to each cause of action of the complaint, plaintiff failed to mitigate his damages.

### SEVENTH AFFIRMATIVE DEFENSE

**(Misuse and Abuse of Product)**

As a seventh affirmative defense to each cause of action of the complaint, the damages complained of in the complaint were caused in whole or in part by the misuse and abuse of the product.

### EIGHTH AFFIRMATIVE DEFENSE

**(Modification of Product)**

As an eighth affirmative defense to each cause of action of the complaint, the injuries and damages sustained by plaintiff, if any, were solely and legally caused by the modification, alteration, or change of the product referred to in the complaint and said modification, alteration or change was performed by persons or entities other than defendants and without defendants' knowledge or consent.

### NINTH AFFIRMATIVE DEFENSE

### (Conformance to Industry Standard and State of Art)

As a ninth affirmative defense to each cause of action of the complaint, defendants assert that if plaintiff was injured by any product manufactured, distributed or sold by defendants, defendants did not breach any duty to plaintiff and are not liable for those injuries or for plaintiff's claimed damages, since the product, when distributed, conformed to the then-current applicable industry standards and state of the art, and because the then-current state-of-the-art scientific and industrial knowledge, art and practice were such that defendants did not and could not know that the product might pose a risk of harm when used in a normal and foreseeable manner.

### TENTH AFFIRMATIVE DEFENSE

### (Assumption of Risk)

As an tenth affirmative defense to each cause of action of the complaint, defendants assert that plaintiff voluntarily assumed the risk of the injuries alleged in the complaint, and the resultant damages, if any, sustained by plaintiff was proximately caused or contributed to by such voluntary assumption of the risk.

### ELEVENTH AFFIRMATIVE DEFENSE

(Statute of Limitations)

As an eleventh affirmative defense to each cause of action of the complaint, plaintiff's complaint is barred, in whole or in part, by the applicable statute of limitations.

### TWELFTH AFFIRMATIVE DEFENSE

### (Defenses As Yet Unknown)

As a twelfth affirmative defense to each cause of action of the complaint, defendants presently have insufficient knowledge or information on which to form belief as to whether they may have additional, as yet unstated, defenses available. Defendants reserve herein the right to assert additional defenses in the event discovery indicates that they would be appropriate.

WHEREFORE defendant prays for judgment as follows:

1. That plaintiff take nothing by reason of the complaint on file herein and that his complaint be dismissed with prejudice;

2. For costs of suit incurred herein;

3. For such other relief as the court deems just and proper.

DATED: April 7, 2008                    LEWIS BRISBOIS BISGAARD & SMITH LLP


By _____
George J. Ziser
Jonathan Rizzardi
Attorney for Defendants
VITAMIN SHOPPE INDUSTRIES INC. and
NUTRITION NOW, INC.