**LEWIS BRISBOIS BISGAARD & SMITH LLP**
GEORGE J. ZISER, SBN 51879
JONATHAN RIZZARDI, SBN 244784
One Sansome Street, Suite 1400
San Francisco, California 94104
Telephone:  (415) 362-2580
Facsimile:  (415) 434-0882

Attorneys for Defendants
VITAMIN SHOPPE INDUSTRIES, INC.
and NUTRITION NOW, INC.


MICHAEL T. MORRISSEY, SBN 62195
1110 North First Street
San Jose, CA 95112
Telephone:  (408) 280-7011
Facsimile:  (408) 741-1671

Attorneys for Plaintiff
JOHN MARCOVICH

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN MARCOVICH, <br><br> Plaintiff, <br><br> v. <br><br> VITAMIN SHOPPE INDUSTRIES, INC.; NUTRITION NOW, INC.; and DOES 1 TO 100, <br><br> Defendants. | CASE NO. CV 08-01736 WDB <br><br> **JOINT CASE MANAGEMENT STATEMENT AND RULE 26(f) REPORT** <br><br> Action Filed: January 31, 2008 <br> Action Removed: March 31, 2008 <br> Trial Date: None Set |

Come now defendants VITAMIN SHOPPE INDUSTRIES, INC. and NUTRITION NOW, INC and plaintiff JOHN MARCOVICH, who jointly submit this Case Management Report pursuant to Local Rule 16-9 and Federal Rules of Civil Procedure 16 and 26(f):

1.      **Jurisdiction and Venue:**

        A.      Subject Matter Jurisdiction:

Jurisdiction is properly conferred under 28 U.S.C. §§ 1332 (Diversity). This action is between

plaintiff, a resident of California, defendant Vitamin Shoppe, Inc. which has its principal place of business in the state of New Jersey, and defendant Nutrition Now, Inc., which has its principal place of business in the state of Washington. As a result there is complete diversity of citizenship under 28 U.S.C. §§ 1332.

      B.     <u>Personal Jurisdiction</u>:

Personal jurisdiction is not in dispute.

      C.     <u>Venue</u>:

Venue is proper in the Northern District of California pursuant to 28 U.S.C. §1441(a) because this action was originally properly brought in San Francisco Superior Court.

**2.    Facts:**

This products liability action arises out of plaintiff's claim that defendant Nutrition Now, Inc. manufactured and defendant Vitamin Shoppe, Inc. distributed, a product which was unsafe for human consumption. Plaintiff brings causes of action for strict liability – manufacturing defect, negligence and breach of implied warranty, alleging that a probiotic called PB-8, which plaintiff consumed, caused him to contract a potentially harmful bacteria. Plaintiff alleges that defendants manufactured and distributed the product, an acidophilus pill which promotes digestive health, yet failed to warn that use of the product could lead to the contraction of a bacteria and failed to ensure that the product was safe. Plaintiff alleges that as a result of his ingestion of the product at issue he suffered severe personal injury on or about July 15, 2006, including subacute bacterial endocarditis. Plaintiff claims wage loss, hospital and medical expense, general damages and loss of earning capacity as a result.

Defendants dispute that the product at issue could have been contaminated with the bacteria in question or that the product could have caused plaintiff's injuries.

**3.    Legal Issues:**

The main legal issue identified by the parties is causation. Defendants' position is that the product at issue could not have been contaminated with the bacteria in question and therefore could not have caused plaintiff's injury. Defendant further believes there are alternate potential causes of plaintiff's injury, including dental work plaintiff underwent prior to the injury, which is a common cause of bacterial endocarditis.

1  Plaintiff believes the product manufactured and distributed by defendants was contaminated
2  with the bacteria in question and did cause plaintiff's injury.

3  **4.  Motions:**

4  There have been no prior motions in this matter, aside from the removal to Federal Court of
5  March 31, 2008. There are no pending motions. The parties anticipate they will engage in necessary
6  pre-trial motions. Defendants anticipate filing a motion for summary judgment pursuant to FRCP 56,
7  pending discovery.

8  **5.  Amendment of Pleadings:**

9  Defendants do not anticipate amending the pleadings, though matters may come to light
10  through discovery which warrant amendment of the pleadings.

11  Plaintiff anticipates filing a motion to amend to assert additional claims following investigation
12  regarding causation.

13  The parties propose a deadline of January 3, 2009 to amend the pleadings.

14  **6.  Evidence Preservation:**

15  There are no specific issues relating to evidence preservation in this matter.

16  **7.  Disclosures:**

17  Plaintiff has produced documents (medical records) relating to his claims and injuries in this
18  matter. Defendants completed initial disclosures pursuant to FRCP 26(a)(1).

19  **8.  Discovery: FRCP 26(f) Discovery Plan:**

20  Discovery taken to date includes plaintiff's production of medical records and defendants'
21  initial disclosures. Defendants anticipate further written discovery, along with the deposition of
22  plaintiff, plaintiff's treating physicians and other witnesses that may have information regarding the
23  incident and are identified through discovery. Plaintiff anticipates serving written discovery and
24  deposing key parties relating to defendants' manufacturing and distribution process.

25  The primary subjects on which discovery will be conducted include the factual disputes
26  identified above, causation, and damages, through the following methods:

27  A.  Defendants' Discovery:
28  1.  Request for Production of Documents (FRCP 34);

   2. Special Interrogatories (FRCP 33);
   3. Request for Admissions (FRCP 36);
   4. Depositions (FRCP 30, 31)
      a. Plaintiff John Marcovich;
      b. Plaintiff's treating Physicians
      c. Non party witnesses

B. Plaintiff's Discovery:
   1. Request for Production of Documents (FRCP 34);
   2. Special Interrogatories (FRCP 33);
   3. Request for Admissions (FRCP 36);
   4. Depositions (FRCP 30, 31)
      a. Defendants' Representatives

Discovery, including expert discovery, should be completed as set forth in the schedule included in line 17, below.

It is unknown at this time whether a significant amount of electronically stored information will be relevant in this matter. In the event it is discovered that there is a significant amount of electronically stored information, the parties agree to produce the information in the most convenient and economically feasible manner as possible, including in compact disc or other electronic format.

**9. Class Actions:**

This case is not a class action.

**10. Related Cases:**

There are no related cases.

**11. Relief:**

Plaintiff seeks damages according to proof, including compensation for past, present and future medical expenses, past, present and future wage loss and past, present and future disability and pain and suffering.

**12. Settlement and ADR:**

The parties have filed their stipulation to proceed to court appointed mediation and are

1   interested in early resolution of this matter.

2   **13.   Consent to Magistrate Judge for all Purposes:**

3   The parties consent to a Magistrate Judge for all further proceedings, including trial and entry
4   of judgment.

5   **14.   Other References:**

6   Defendant reserves the right to motion to compel arbitration on a contractual basis.  Plaintiff
7   does not believe arbitration is appropriate.  The parties do not believe Judicial Panel on Multidistrict
8   Litigation is appropriate here.

9   **15.   Narrowing of Issues:**

10  The parties believe the issues are already sufficiently narrowed to allow the parties to focus
11  their discovery and law and motion practice towards resolution of this dispute.

12  **16.   Expedited Schedule**:

13  The parties believe the schedule set forth below provides an expedited pace towards resolution.

14  **17.   Scheduling:**

15  The parties have agreed to the following proposed schedule:

16  A.   Court Appointed Mediation:                          **November 3, 2008**
17  B.   Non-Expert Discovery Cut-Off
18       (Including Hearing of Discovery Motions):          **March 2, 2009**
19  C.   Expert Disclosures:                                 **February 2, 2009**
20  D.   Expert discovery cut-off:                           **April 13, 2009**
21  E.   Last day to hear dispositive motions:               **June 15, 2009**
22  F.   Pretrial conference:                                **August 3, 2009**
23  G.   Trial:                                              **August 24, 2009**

24  **18.   Trial:**

25  Plaintiff is in the process of filing a demand for jury trial.  Defendant does not request a jury
26  trial.  Trial is expected to last ten days.

27

28

**19.    Disclosure of Non-Party Interested Entities or Persons**

Plaintiff has not filed a Certification of Interested Entities or Persons and will not be identifying any interested entities or persons. Defendant has not filed a Certification of Interested Entities or Persons but requests additional time to investigate and identify any interested entities or persons and to file the Certification.

**20.    Such Other Matters as May Facilitate the Just, Speedy and Inexpensive Disposition of this Matter:**

None other than those identified above.

DATED:  August 19, 2008                    LEWIS BRISBOIS BISGAARD & SMITH LLP

By: _____
GEORGE J. ZISER
JONATHAN RIZZARDI
Attorneys for Defendants
VITAMIN SHOPPE INDUSTRIES, INC.
and NUTRITION NOW, INC.

DATED:  August 21, 2008

By: _____/S/_____
MICHAEL T. MORRISSEY
ROBERT A. MACHADO
Attorneys for Plaintiff
JOHN MARCOVICH